Filed 1/26/21

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C091845 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR91608) |
| v. | |
| JOHNATHON RAMIREZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Tehama County, C. Todd Bottke, Judge.  Affirmed.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appointed counsel for defendant Johnathon Ramirez asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We dismiss the appeal.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## FACTS AND PROCEDURAL HISTORY

In 2014, defendant pleaded guilty to possession of a controlled substance for sale (Health & Saf. Code, § 11377, subd. (a)) and animal cruelty (Pen. Code, § 597, subd. (a); statutory section references that follow are to the Penal Code unless otherwise stated.)  In taking the plea, the trial court advised defendant "[I]f you are not a citizen of this country, by entry of your plea today and conviction herein, it can result in your deportation, denial of readmission into this country, or affect your ability to become a naturalized citizen."  Defendant confirmed he understood that consequence of his plea.  The plea form also advised that offenses that would result in immigration action included controlled substance offenses.  Defendant initialed his understanding of that consequence.  The trial court sentenced defendant in accordance with the agreed-to maximum sentence to an aggregate term of three years of formal probation.

In 2020, defendant filed a motion to vacate the sentence and withdraw the plea, claiming he was not properly advised of the immigration consequences of his plea.  After briefing and a hearing, the trial court denied the motion.

## DISCUSSION

Review pursuant to *Wende* or its federal constitutional counterpart *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] is required only in the first appeal of right from a criminal conviction.  (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539, 545-546]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537 (*Ben C.*); *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*).)

The right to *Anders/Wende* review applies only at appellate proceedings where a defendant has a previously established constitutional right to counsel.  (*Serrano, supra*, 211 Cal.App.4th at p. 500; *Ben C., supra*, 40 Cal.4th at pp. 536-537.)  The constitutional right to counsel extends to the first appeal of right, and no further.  (*Serrano,* at pp. 500-501.)  While a criminal defendant has a right to appointed counsel in an appeal from an

order after judgment affecting his or her substantial rights (§§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional. Thus, a defendant is not entitled to *Wende* review in such an appeal. (See *Serrano,* at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to section 1016.5].)

The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Serrano, supra*, 211 Cal.App.4th at p. 501.) Applying *Serrano* here, defendant has no right to a *Wende* review of the denial of his motion to vacate the judgment pursuant to section 1473.7.

DISPOSITION

The appeal is dismissed.

_____

HULL, Acting P. J.

We concur:

_____

ROBIE, J.

_____

MURRAY, J.

3